**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AMELIA GAMEZ** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-03083** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 240th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

**I.**
**PROCEDURAL BACKGROUND**

1.     On June 6, 2019, Plaintiff filed this action against State Farm in the 240th Judicial District Court of Fort Bend County, Texas.  The state cause number is 19-DCV-263248 ("State Court Action").   In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief over $100,000. (*See* Pl.'s Original Pet. at 2.) State Farm was served on July 17, 2019.  State Farm filed its answer on August 7, 2019.

2.     In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 240th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.     Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with his insurance policy for damage to his home and other property caused by wind. (*See* Pl.'s Original Pet. at 2–3.) Plaintiff asserts causes of action for breach of contract and for violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. (*Id*. at 3–4.)

## III.
## BASIS OF REMOVAL

4.     The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.     First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, a Texas citizen. (*See* Pl.'s Original Pet. at 1.)  State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, the amount in controversy exceeds $75,000. Plaintiff is seeking damages in excess of $100,000. Specifically, Plaintiff is seeking damages between $100,0000 and $200,000. (*See* Pl.'s Original Pet. at 2.) Thus, removal to the Southern District of Texas is proper.

## IV.
## REMOVAL PROCEDURES

7.      On June 6, 2019, Plaintiff filed this case against State Farm in the 240th Judicial District Court of Fort Bend County, Texas. State Farm was served on July 17, 2019.  State Farm filed its Answer on August 7, 2019. This Notice of Removal is being timely filed on August 16, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

8.      The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind and which forms the basis of Plaintiff's lawsuit, is located in Fort Bend County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Fort Bend County. *See* 28 U.S.C. § 1441(a). Fort Bend County is within the jurisdictional limits of the Houston Division. *See* 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Fort Bend County District Clerk's Office and served on the Plaintiff.

10.      A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## PRAYER

11.     State Farm respectfully requests that the above-styled action now pending in the

240th Judicial District Court of Fort Bend County, Texas, be removed to this Honorable Court

pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State

Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief

to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:_____
     **DALE M. "RETT" HOLIDY**
     Federal Bar No. 21382
     State Bar No. 00792937
     America Tower
     2929 Allen Parkway, Suite 2900
     Houston, Texas 77019
     (713) 650-1313 – Telephone
     (713) 739-7420 – Facsimile
     rholidy@germer.com

     **ATTORNEY FOR DEFENDANT,
     STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 16th day of August, 2019.

Noah M. Wexler                                              **VIA CM/ECF**
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com


**DALE M. "RETT" HOLIDY**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **AMELIA GAMEZ** | § | |
| | § | |
| **vs.** | § | **C.A. NO.**_____ |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:

1

Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay.  The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks:  Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez:  Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger:  Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan:  Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles:  Ms. Stiles is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence

and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.     At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

MICHAEL ROPER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 16th day of August, 2019

> OFFICIAL SEAL
> KAREN HAMILTON
> NOTARY PUBLIC - STATE OF ILLINOIS
> My Commission Expires January 07, 2022

Notary Public for the State of Illinois

3

# **EXHIBIT A**

## **LIST OF ATTORNEYS/PARTIES**

1.      Noah M. Wexler
        Roland Christensen
        Jake Balser
        Jacob Karam
        Adam Lewis
        nwexler@arnolditkin.com
        rchristian@amolditkin.com
        jbalser@amolditkin.com
        jkaram@arnolditkin.com
        alewis@arnolditkin.com
        ARNOLD & ITKIN LLP
        6009 Memorial Drive
        Houston, Texas 77007
        Telephone: (713) 222-3800
        Facsimile: (713) 222-3850
        ***Attorneys for Plaintiff***

2.      Dale M. "Rett" Holidy
        rholidy@germer.com
        Lauren N. Herrera
        lherrera@germer.com
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        Telephone: (713) 650-1313
        Facsimile: (713) 739-7420
        ***Attorneys for Defendant***

### **INDEX OF DOCUMENTS FILED**
### **WITH REMOVAL ACTION**

### **AMELIA GAMEZ VS. STATE FARM LLOYDS**

        (a)    Plaintiff's Original Petition
        (b)    Return Citation
        (c)    Defendant State Farm Lloyds' Original Answer
        (d)    Defendant State Farm Lloyds' First Amended Answer
        (e)    Docket Sheet

Filed
6/6/2019 5:09 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

**19-DCV-263248**

CAUSE NO._____

| | | |
|---|---|---|
| AMELIA GAMEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | Fort Bend County - 240th Judicial District Court |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Amelia Gamez ("Ms. Gamez"), Plaintiff herein, files this Original Petition against Defendant State Farm Lloyds ("State Farm") and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Amelia Gamez is a Texas resident who resides in Fort Bend County, Texas.

2.    State Farm is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.

### II.
### DISCOVERY

3.    This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

1

4.    The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.    This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.    Venue is proper in Fort Bend County because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Fort Bend County.

## V.
## FACTUAL BACKGROUND

7.    Ms. Gamez is a named insured under a property insurance policy issued by State Farm.

8.    On or about August 22-29, 2017 Hurricane Harvey hit the Texas coast, inclduing the Houston, Texas area, damaging Ms. Gamez's house and other property.   Ms. Gamez subsequently filed a claim on her insurance policy.

9.    Defendant improperly denied and/or underpaid the claim.

10.    The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.    This unreasonable investigation led to the underpayment of Plaintiff's claim.

12.     Moreover, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     State Farm had a contract of insurance with Plaintiff.  State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of State Farm to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

      (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

      (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.    Defendant violated Section 541.061 by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

21.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

22.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24.     Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

25.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

26.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

27.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Amelia Gamez prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Gamez be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Gamez may show herself to be justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
Texas State Bar No. 24060816
Roland Christensen
Texas State Bar No. 24101222
Jake Balser
Texas State Bar No. 24109155
Jacob Karam
Texas State Bar No. 24105653
Adam Lewis
Texas State Bar No. 24094099
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

***ATTORNEYS FOR PLAINTIFFS***

Filed
6/6/2019 5:09 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Autumn Dolnik

**19-DCV-263248**

CAUSE NO._____

| | | |
|---|---|---|
| AMELIA GAMEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | Fort Bend County - 240th Judicial District Court |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMSSION TO DEFENDANT

To:    Defendant, State Farm Lloyds, by and through its registered agent for service of process in the State of Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218

COMES NOW Plaintiff in the above-styled and numbered cause, and serves the attached

Interrogatories, Requests for Production, and Requests for Admission on State Farm Lloyds

("Defendant" "State Farm"). Plaintiff requests that Defendant (1) answer the following

Interrogatories separately and fully in writing under oath within 30 days of service; (2) answer

the Requests for Production separately and fully in writing under oath within 30 days of service;

(3) answer the Requests for Admission separately and fully in writing under oath within 30 days

of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests

for Admissions on Plaintiff by and through her attorneys of record, Arnold & Itkin, LLP,

ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007; and (5) produce all

documents responsive to the Requests for Production as they are kept in the usual course of

business or organized and labeled to correspond to the categories in the requests within 30 days

of service.

You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.    You know the responses made was incorrect or incomplete when made; or

b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Arnold & Itkin, LLP.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1.   You know the response made was incorrect or incomplete when made; or
   2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.  **"State Farm", "Defendant," "You," "Your(s),"** refers to **State Farm Lloyds**, its agents, representatives, employees and any other entity or person acting on its behalf.

B.  **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.  **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D.  **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.  **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.  **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.  **"Lawsuit"** refers to the above styled and captioned case.

I.  **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intra-office correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.  The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all non-identical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intra-office memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions,

charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or non-identical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or non-identical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.  The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.  The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.  The terms **"identification," "identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;

4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and

5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.  The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates,

reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.    The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## INTERROGATORIES TO DEFENDANT STATE FARM

### INTERROGATORY NO. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

   **ANSWER:**

### INTERROGATORY NO. 2:
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

   a.   their name and job title(s) as of the Date of Loss;
   b.   their employer; and
   c.   description of their involvement with Plaintiff's Claim.

   **ANSWER:**

### INTERROGATORY NO. 3:
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

   a.   the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
   b.   the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

   **ANSWER:**

### INTERROGATORY NO. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

   **ANSWER:**

### INTERROGATORY NO. 5:
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

   **ANSWER:**

### INTERROGATORY NO. 6:
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

   **ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    **ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT STATE FARM

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 7
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 8**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Please produce the Claims Core Process Review in effect during the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Please produce all versions of the Claims Core Process Review in effect for the three years preceding the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
For any changes made in the last three years to your Claims Core Process Review, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Any requests for information by the Texas Department of Insurance to Defendant and any response to such request by Defendant to the Texas Department of Insurance regarding claims arising out of Hurricane Harvey storm.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
All documents sent to, or received by Defendant from the Texas Department of Insurance, the Texas Insurance Commissioner and/or their agents, relating to the handling of hail and/or windstorm claims within the last three (3) years.  This request includes all bulletins received by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
All advertisements, marketing or promotional items that addressed the handling of hail and/or windstorm claims, published, used and/or distributed by Defendant in Fort Bend County within the last three (3) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Your written procedures or policies that pertain to the handling of windstorm and/or hail claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
For any changes made in the last three years to your written procedures or policies pertaining to the handling of windstorm and/or hail claims in Texas, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Any document setting forth Defendant's criteria and methodology used in determining whether and how to apply depreciation on hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Any document setting forth Defendant's criteria and methodology used in determining whether to replace the drip edge on a roof when Defendant has estimated a roof replacement on a hail and/or windstorm claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Any document setting forth Defendant's criteria and methodology used in determining the applicability of overhead and profit in the preparation of estimates for hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
All service agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) or entity(ies) who handled the claim made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Any document setting forth how Defendant compensated the adjuster and other individuals who handled Plaintiffs' claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Any document related to performance-based pay or incentive-based pay programs that Defendant offers to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Any document related to standards by which Defendant evaluates the performance of adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
Any document related to how Defendant issues pay raises and bonuses to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
Any document referencing "customer-payment goals" sent by Defendant to claims office managers regarding hail and/or windstorm claims in Texas during the time period of August 1, 2016 through February 20, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**
Any document setting forth Defendant's criteria and methodology used to determine when it is appropriate to invoke appraisal on a hail/windstorm claim in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**
Any document setting forth Defendant's criteria and methodology used to determine what items contained within an appraisal estimate and/or appraisal award should be covered and paid for by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**
Any and all communications between Defendant and any third party during the claims handling process of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42**
Produce all documents evidencing any incentives, financial or otherwise, provided to adjusters responsible for handling claims related to this loss, and this storm event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43**
Produce all communications between any State Farm representative and any adjuster handling a claim pertaining to this storm event, related to the company's loss ratio.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**
Please produce all documents related to State Farm's Claims Core Process Review, including any such training material provided to adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**
Please produce all Performance Development Summaries and any other related personnel file pertaining to any adjuster that handled the claim at issue here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**
Please produce all documents related to how adjusters and other related claims handlers are promoted within State Farm.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47**
Please produce all records related to any data stored or generated by Colossus pertaining to this storm event and claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48**
Please produce all records and documents about the identification, observation or description of collateral damage in connection with the property at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49**

To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO STATE FARM

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss, the Property sustained damages caused by a windstorm.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss, the Property sustained damages caused by a hailstorm

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss, the Policy was in full force and effect.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss, all premiums were fully satisfied under the Policy.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

 **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

 **RESPONSE:**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
Texas State Bar No. 24060816
Roland Christensen
Texas State Bar No. 24101222
Jake Balser
Texas State Bar No. 24109155
Jacob Karam
Texas State Bar No. 24105653
Adam Lewis
Texas State Bar No. 24094099
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

***ATTORNEYS FOR PLAINTIFFS***

***PLEASE SERVE WITH PLAINTIFF'S ORIGINAL PETITION***

Filed
7/17/2019 12:31 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
James Burnett

## CAUSE NO. 19-DCV-263248

| | | |
|---|---|---|
| AMELIA GAMEZ | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 240th Judicial District Court |
| | § | |
| STATE FARM LLOYDS | § | FORT BEND COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

### RETURN OF SERVICE

**ON Monday, July 15, 2019 AT 2:01 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT for service on STATE FARM LLOYDS C/O CORPORATION SERVICE COMPANY came to hand.

**ON Wednesday, July 17, 2019 AT 10:45 AM, I, Barbara Stinnett, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** STATE FARM LLOYDS C/O CORPORATION SERVICE COMPANY, by delivering to designated agent: Vanessa Hernandez, 211 E 7TH ST STE 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is Barbara Stinnett. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 1181, expires 7/31/2020). My date of birth is 12/28/1961. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Wednesday, July 17, 2019 AT 10:45 AM.

/S/ Barbara Stinnett

AMELIA GAMEZ VS. STATE FARM LLOYDS

Doc ID: 264616_1

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:   **STATE FARM LLOYDS**
      **C/O CORPORATION SERVICE COMPANY**
      **211 E 7TH ST STE 620**
      **AUSTIN TX  78701-3218**

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **June 06, 2019,** a default judgment may be taken against you.

The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-263248**  and is styled:

**AMELIA GAMEZ VS STATE FARM LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**NOAH M. WEXLER**
**ARNOLD & ITKIN LLP**
**6009 MEMORIAL DR**
**HOUSTON TX  77007**
**713-222-3800**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 5th day of July, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Katherine Chambers_

Deputy District Clerk **KATHERINE CHAMBERS**
Telephone: **(281) 344-3959**

**ORIGINAL**

**19-DCV-263248**                                    240th Judicial District Court
**Amelia Gamez vs State Farm Lloyds**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

                                                    _____
                                                    Name of Officer or Authorized Person

                                                    _____County, Texas

                                            By:_____
                                                    Signature of Deputy or Authorized Person
*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                        (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

                                            _____
                                            Declarant / Authorized Process Server

                                            _____
                                            (Id # & expiration of certification)

**ORIGINAL**
Citation (Original Petition) issued to State Farm Lloyds on 7/5/2019.

Filed
8/7/2019 11:08 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
James Burnett

## CAUSE NO. 19-DCV-263248

| | | |
|---|---|---|
| AMELIA GAMEZ | § | IN THE DIST5RICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 240TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **STATE FARM LLOYDS**, Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemental petitions filed against Defendant, and shows as follows:

### I.
### GENERAL DENIAL

Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demand strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.

Defendant reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

### JURY DEMAND

Defendant hereby demands a trial by jury pursuant to Tex.R.Civ.P. 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff takes nothing, and that Defendant recovers costs, fees, and expenses, and for such other further relief to which Defendant may show to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____

     **DALE M. "RETT" HOLIDY**
     State Bar No. 00792937
     **LAUREN N. HERRERA**
     State Bar No. 24092720
     America Tower
     2929 Allen Parkway, Suite 2900
     Houston, Texas 77019
     (713) 650-1313 – Telephone
     (713) 739-7420 – Facsimile
     rholidy@germer.com
     lherrera@germer.com

     **ATTORNEY FOR DEFENDANT,**
     **STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 7th day of August, 2019.

Noah M. Wexler                                                    VIA E-FILE
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

_____
**DALE M. "RETT" HOLIDY**

Filed
8/16/2019 12:21 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
James Burnett

### CAUSE NO. 19-DCV-263248

| | | |
|---|---|---|
| AMELIA GAMEZ | § | IN THE DIST5RICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 240TH JUDICIAL DISTRICT |

### DEFENDANT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **STATE FARM LLOYDS**, Defendant in the above-entitled and numbered cause, and files its First Amended Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemental petitions filed against Defendant, and shows as follows:

### I.
### GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demand strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Plaintiff also bears the burden to segregate damages occurring from an accidental direct physical loss and those that do not.  Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claims that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

6.      **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged storm.

7.      **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear, or other causes occurring over time.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.      We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

g.     wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

* * * * *

       i.      wet or dry rot;

Plaintiff has claimed roof, interior, and other damages that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, which condition is specifically excluded under the policy at issue.

8.     **Bona Fide/Legitimate Dispute.**  There is at most only a bona fide dispute between Plaintiff/Plaintiffs and Defendant, which precludes Plaintiff/Plaintiffs recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

9.     **Losses Not Insured.**  Plaintiff's claim under the Policy is subject to the following:

**SECTION I – LOSSES INSURED**

**COVERAGE A – DWELLING**

We insure for accidental direct physical loss to the property described in Coverage A, expert as provided in **SECTION I – LOSSES NOT INSURED**.

There is no coverage for the replacement of the undamaged shingle since there is no accidental direct physical loss.

10.    **Chapter 38 Attorney's Fees**.  Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."  Tex. Civ. Prac. & Rem. Code § 38.001(8).  Chapter 38 does not apply to State Farm because it is an unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

11.    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

### III.
### SPECIAL EXCEPTIONS

12.    **Failure to Set Forth Specific Claims/Facts – Breach of Contract**.  State Farm specially excepts to Plaintiff's Petition because the vague and indefinite breach of contract claim fails to provide fair notice of: (1) the facts of the loss or losses allegedly sustained by Plaintiff; (2) the facts showing Plaintiff's alleged loss or losses were covered under the terms of the Insurance Policy at issue; and (3) the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff.  *See Subia v. Texas Dep't of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the plaintiffs to specifically plead a cause of action which was originally pleaded in general terms).  Accordingly Plaintiff should be required to amend her claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question; (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

13.    **Failure to Identify the Date the Breach of Contract Occurred**.  State Farm specially excepts to Plaintiff's Petition in its entirety because it is impermissibly vague in that it

fails to set forth the date the alleged breach of contract occurred.  Therefore, Plaintiff should be required to file an amended pleading setting forth the date the alleged breach of contract occurred.

14.     **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.**  Defendant specially except to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding Defendant's alleged violations of Chapter 541 of the Texas Insurance Code are deficient.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the Texas Insurance Code.  Moreover, Plaintiff failed to give Defendant fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *See Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for Defendant's alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

15.     **Failure to Set Forth Specific Claims/Facts — Chapter 542 of the Texas Insurance Code.**  State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Section 542.060 of the Texas Insurance Code are deficient. *See Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances).  Plaintiff failed to give fair notice of the facts and circumstances supporting the violations she has asserted in her Petition.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of P Plaintiff's Petition claim for State Farm's alleged violations of Section 542.060 of the Texas Insurance Code violations, as well as damages related thereto.

16.     **Failure to Set Forth Specific Claims/Facts — Fraud/Negligent Misrepresentation.**  State Farm specially excepts to Plaintiff's Petition because Plaintiff failed to

provide facts to support her allegation that State Farm either intentionally or unintentionally engaged in any sort of fraudulent behavior (in the affirmative or through concealment) which caused Plaintiff to sustain damages.  More particularly, Plaintiff wholly failed to reasonably specify what material misrepresentations State Farm made to Plaintiff (or kept from Plaintiff), how State Farm did so with the legally required mens rea; and how Plaintiff was damaged as a result thereof.

17.    **Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**.  Defendant specially excepts to Plaintiff's Petition because Plaintiff failed to provide facts to support her allegation Defendant acted wrongfully with knowledge and intent to cause harm.  Pleading sufficient facts is necessary to inform Defendant of what it is called upon to answer and to enable Defendant to prepare its defense.  As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

18.    **Failure to Set Forth Specific Claims/Facts – Plaintiff's Claim for Attorney's Fees for Breach of Contract.**  Defendant specially excepts to Plaintiff's Petition because Plaintiff has failed to provide a statutory basis for seeking attorney's fees against Defendant.  Further, Plaintiff has failed to provide sufficient notice of facts, sufficient demand or the amount of attorney's fees incurred for the purpose of satisfying the requirements of Tex. Civ. Prac. & Rem. Code Chapter 38.

**IV.**
**RIGHT TO AMEND**

19.    Defendant reserves the right to amend this Answer pursuant to the Texas Rules of Civil Procedure.

V.

**JURY DEMAND**

20.     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that it be released and discharged of the charges filed against it, that Plaintiff take nothing by reason of this suit, that Defendant recover its costs, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
**LAUREN N. HERRERA**
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com
lherrera@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 7th  day of August, 2019.

Noah M. Wexler                                                                    <u>VIA E-FILE</u>
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com


_____
**DALE M. "RETT" HOLIDY**

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back   Location : Fort Bend   Images Help

# REGISTER OF ACTIONS
## CASE NO. 19-DCV-263248

| Amelia Gamez vs State Farm Lloyds | § | Case Type: | **Contract - Other Contract** |
| | § | Date Filed: | **06/06/2019** |
| | § | Location: | **240th District Court** |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | **Attorneys** |
| --- | --- | --- |
| **Defendant or Respondent** | **State Farm Lloyds** Austin, TX 78701-3218 | |
| **Plaintiff or Petitioner** | **Gamez, Amelia** | **Noah M. Wexler** *Retained* 713-222-3800(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
| --- | --- | --- |
| 06/06/2019 | Petition    Doc ID# 1 | |
| | *Plaintiff's Original Petition* | |
| 06/06/2019 | No Fee Documents    Doc ID# 2 | |
| | *Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admision to Defendant* | |
| 06/06/2019 | Request    Doc ID# 3 | |
| | *Civil Process Request Form* | |
| 06/07/2019 | **Jury Fee Paid** | |
| 07/05/2019 | Issuance    Doc ID# 4 | |
| | *Citation Issued to State Farm Lloyds* | |
| 07/05/2019 | **Citation** | |
| | eService | |
| | State Farm Lloyds | Served      07/17/2019 |
| | | Returned    07/17/2019 |
| 07/17/2019 | Officers Return    Doc ID# 5 | |
| | *Return of Service* | |
| 08/07/2019 | Answer/Contest/Response/Waiver    Doc ID# 6 | |
| | *Defendant's Original Answer* | |
| 08/16/2019 | Answer/Contest/Response/Waiver    Doc ID# 7 | |
| | *Defendant's First Amended Answer* | |

---

### FINANCIAL INFORMATION

| | | | |
| --- | --- | --- | --- |
| **Defendant or Respondent** State Farm Lloyds | | | |
| Total Financial Assessment | | | 44.00 |
| Total Payments and Credits | | | 44.00 |
| **Balance Due as of 08/16/2019** | | | **0.00** |
| | | | |
| 08/07/2019 | Transaction Assessment | | 42.00 |
| 08/07/2019 | E-filing | Receipt # 2019-55363-DCLK    State Farm Lloyds | (42.00) |
| 08/16/2019 | Transaction Assessment | | 2.00 |
| 08/16/2019 | E-filing | Receipt # 2019-57993-DCLK    State Farm Lloyds | (2.00) |

| | | | |
| --- | --- | --- | --- |
| **Plaintiff or Petitioner** Gamez, Amelia | | | |
| Total Financial Assessment | | | 344.00 |
| Total Payments and Credits | | | 344.00 |
| **Balance Due as of 08/16/2019** | | | **0.00** |
| | | | |
| 06/07/2019 | Transaction Assessment | | 342.00 |
| 06/07/2019 | E-filing | Receipt # 2019-39969-DCLK    Gamez, Amelia | (342.00) |
| 07/17/2019 | Transaction Assessment | | 2.00 |
| 07/17/2019 | E-filing | Receipt # 2019-49742-DCLK    Gamez, Amelia | (2.00) |